SHANNON, Judge.
Appellant City of Ocoee, a municipal corporation, was the defendant in the court below, and Appellee Lake Apopka Natural Gas District, a corporate body of the State of Florida, was the plaintiff. The suit resulted in an injunction against the City restraining it from interfering with the construction, maintenance or use of natural gas transmission lines installed or to be installed on that portion of State Road 50 located within the City’s corporate boundaries.
The District had received a State Road Department permit to construct and maintain a steel natural gas line in Orange County between Orlando and the Lake County line along State Road 50. Part of Highway 50 runs through Ocoee and the City claimed that no work on the gas line could be performed within the municipal boundaries unless a city permit was obtained. Construction workers on the project were threatened with arrest if the project continued without city permission. In view of this possibility, the District sought injunc-tive relief in the circuit court. The chancellor found for the District and permanently enjoined the City from interfering with the construction, maintenance or use of the gas line. From this order the City appeals.
It is the City’s contention that it has concurrent jurisdiction with the State Road Department over that portion of the state highway located within its boundaries. We do not agree.
Fla.Stat., Sec. 335.02(1), F.S.A., grants to the State Road Board “authority to locate and designate certain roads as state roads in the state highway system * * The statute further states that: “Such roads when so located and designated shall become the property of the state, and shall be under the jurisdiction and control of the board.” Appellant contends that even though the Board has jurisdiction over state roads, a city has concurrent jurisdiction over the portions of state highways within municipal boundaries. Appellant cites Fla.Stat., Sec. 335.05(6), F.S.A., which provides in part that: “Before any person shall enter upon such roads, or the rights-of-way thereof, for the purpose of laying conduits, pipes, poles or wires, or making any obstruction, or any excavation, which necessitates any change in the condition or structure thereof, a permit for any such purpose must be secured from the board with the concurrence of the affected city or town * * However, in order for this statute to be applicable the road must have been “designated” as a “municipal connecting link.” Fla.Stat., Sec. 335.05(1), F.S.A. “Connecting link roads” are “[c]ity and town streets and roads, or portions thereof, including structures, that constitute routes betzveen, or extensions of *554 said roads in the state highway system and feeder roads from by-passed areas.” (Emphasis added). Fla.Stat., Sec. 334.03(10), F.S.A. The evidence before the chancellor indicated that the portion of State Road 50 within the City of Ocoee was neither a “connecting link road” within the meaning of Fla.Stat., Sec. 334.03(10), F.S.A., nor was it “designated” as such in accordance with Fla.Stat., Sec. 335.05(1), F.S.A., by the State Road Board. Since the road was not a “connecting link” the city was not required to concur in the granting of permission to install the gas line along the right-of-way. That was the chancellor’s conclusion and we agree with it.
Finding no error, we affirm the decision of the lower court.
Affirmed.
ALLEN, Acting C. J., and FUSSELL, CARROLL W., Associate Judge, concur.